FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2008 MAR 19 PM 2: 01
FORT MYERS DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS. FLORIDA

FREDDIE LEE FREEMAN,

                Plaintiff,

vs.                          Case No.   2:06-cv-496-FtM-34SPC

DR. VLATKO SALOPEK,

                Defendant.

_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon review of Defendant Salopek's Motion to Dismiss (Doc. #25, Mot. to Dismiss). Plaintiff filed a Response (Doc. #27, Response). This matter is ripe for review.

### I.

Plaintiff, who is proceeding *pro se* and in the custody of the Florida Department of Corrections, filed a § 1983 Civil Rights Complaint Form (Doc. #1, Complaint) alleging a violation of his Eighth Amendment rights stemming from the medical treatment he received at DeSoto Correctional Institution. See generally Complaint. Plaintiff named the following Defendants in his Complaint: DeSoto Correctional Institution, Dr. Vlatko Salopek, and the Health Services Administrator, Peter Laraia. See id. At this

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

stage of the proceedings, Dr. Salopek remains the sole Defendant.[2]
Id.     In the Complaint, Plaintiff alleges that in April 2004 a
doctor at Central Florida Reception Center (hereinafter "CFRC")
advised him that he had two options to fix his left eye: either
remove his left eye and replace it with a glass eye; or, remove
the pupil in the left eye and utilize a contact lens with a false
pupil and a plastic shield to hold the eyelid open.  Complaint at
10.[3]  Plaintiff chose the second procedure, thus his pupil was
removed and he was provided a plastic shield to "hold his eyelid
open."  Id.  The CFRC doctor advised Plaintiff that he would be
provided the "pupil contact lens" in four weeks.  Id.  However,
prior to receiving the pupil contact lens, Plaintiff was
transferred to DeSoto Correctional. Id.

      After his transfer to DeSoto Correctional, Plaintiff alleges
he saw Dr. Salopek and requested that he be provided with the pupil
contact lens.  Id.  Dr. Salopek advised Plaintiff that "he would
not waste taxpayer's moneys [sic] to send [Plaintiff] back to
[CFRC] to receive the contact len's [sic] with pupil."  Id.  Since

[2]On March 14, 2007, the Court granted Defendant Desoto Correctional
Institution Health Department's Motion to Quash, thereby dismissing this
Defendant. See Order at Doc. #23. At that time the Court also provided Plaintiff
with additional copies of the requisite service of process forms for Defendant
Laraia and warned Plaintiff that he should return completed service forms within
twenty days. Id.  Plaintiff neither complied with the Court's Order, nor sought
an extension of time.  On July 20, 2007, the Court dismissed Defendant Laraia
pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. See Order at Doc.
#28.

[3]For citation purposes, the page numbers referenced herein are those
scanned on the Court's CM/ECF and are located at the top of the page.

that time, Plaintiff avers that he has "again and again tried to have something done to stop [his] pains." Id. at 11. Yet, instead of completing the treatment begun by the CFRC doctor, Dr. Salopek put Plaintiff on a "restricted activity pass" for one year. See Complaint, Attachment 1 (Doc. #1-2; Pl's Grievances) at 2.

Attached to the Complaint are copies of numerous grievances submitted by Plaintiff in which he states that he is experiencing pain in his left eye and requests that the medical department provide him with the pupil contact lens previously prescribed by CFRC's doctor. See id. at 1-29. Plaintiff alleges that as a result of the denial of his requests, he has suffered pain that is "very aggravating and emotionally troublesome." Complaint at 11. Accordingly, Plaintiff requests a declaratory judgment, injunctive relief requiring DeSoto Correctional's Health Services Department to arrange for Plaintiff to be fitted with his pupil contact lens and also "fix or remove the plastic shield to curb pain being caused by eye lids [sic]," and monetary damages. See id. at 15-16.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a complaint as true and take them in the light most

favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). However, the Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, ____ U.S. ____, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating Conley v. Gibson, 355 U.S. 41 (1957) and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834, 836-838 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)); Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001). This heightened pleading

standard requires a plaintiff to allege the facts supporting a § 1983 claim with some specificity.  See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) (stressing that the "'heightened pleading requirement is the law of this Circuit' when § 1983 claims are asserted against government officials in their individual capacities").  Because Plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Nevertheless, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

### III.

Defendant moves for dismissal of the action, arguing, inter alia, that Plaintiff failed to comply with certain pre-suit obligations as required under Florida law and has failed to exhaust his administrative remedies.  See Mot. to Dismiss at 1-2.  As an initial matter, the Court rejects Defendant's argument that Plaintiff failed to comply with the pre-suit notice requirements under Florida law.  Plaintiff affirmatively states that he is not pursuing claims based on Florida law.  Response at 2.  Upon review,

the Complaint alleges a claim based upon a violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, not a medical malpractice or negligence claim. "Exhaustion of state administrative remedies is not a prerequisite to bringing a [§] 1983 action." See Majette v. O'Connor, 811 F.2d 1416, 1418 (11th Cir. 1987)(citing Patsy v. Board of Regents, 457 U.S. 496 (1982)). As such, the state pre-suit notification requirements are inapplicable.

The Court also rejects Defendant's argument that Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect prison conditions under [§ 1983] by a prisoner. . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is intended to: (1) "eliminate unwarranted federal-court interference with the administration of prisons," (2) "'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case,'" and (3) "'reduce the quantity and improve the quality of prisoner suits.'" Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006)(quoting Porter v. Nussle, 534 U.S. 506, 524-25 (2002)) (internal footnote and citations omitted). As a result of the PLRA, consideration of "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126

-6-

S. Ct. at 2382; (referencing <u>Booth v. Churner</u>, 532 U.S. 731, 739
(2001)). <u>See also</u> <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325 (11th
Cir. 1998). Additionally, the PLRA's exhaustion requirement
applies to all inmate suits about prison life, whether they involve
general circumstances or particular episodes, and whether they
involve excessive force or some other wrong doing. <u>Woodford</u>, 126
S. Ct. at 2382; <u>Nussle</u>, 534 U.S. at 532; <u>Booth</u>, 532 U.S. at 741.
Inmates, however, "are not required to specially plead or
demonstrate exhaustion in their complaints." <u>Jones v. Bock</u>, 127 S.
Ct. 910, 921 (2007). Rather, pursuant to the PLRA, failure to
exhaust administrative remedies is an affirmative defense. <u>Id.</u>

   "[T]he PLRA exhaustion requirement requires **full** and **proper**
exhaustion."[4] <u>Woodford</u>, 126 S. Ct. at 2387 (emphasis added). In
determining whether a plaintiff has exhausted the applicable
administrative remedies, a court does "not review the effectiveness
of those remedies, but rather whether remedies were available and
exhausted." <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir.
1999). The PLRA's exhaustion requirement is satisfied by
"compliance with prison grievance procedures." <u>Bock</u>, 127 S. Ct. at
923. Thus, "the level of detail necessary in a grievance to comply

─────────────

   [4]"[A] prisoner should include as much relevant information as
he reasonably can in the administrative grievance process." <u>Brown
v. Sikes</u>, 212 F.3d 1205, 1207-1208 (11th Cir. 2000).

with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define boundaries of proper exhaustion." Id.

In the Complaint, Plaintiff pleads that he exhausted his available administrative remedies and also attaches some twenty-nine pages of grievances in support of his assertion. See Complaint at 2-5; Pl's Grievances at 1-29. In the Motion to Dismiss, Defendant argues that Plaintiff only attached two grievances directed to the Secretary of the Florida Department of Corrections, one of which was returned for non-compliance and the second was "undated, vague, difficult to comprehend, and [did] not specifically address any care by Dr. Salopek." Mot. to Dismiss at 10. Despite Defendant's assertions, Plaintiff avers that he exhausted his available administrative remedies. Response at 2.

Upon review of the Complaint and the grievances attached thereto, it appears that Plaintiff submitted grievances to the warden, the assistant warden, the medical department at DeSoto Correctional, and the Secretary of the Department of Corrections apprising them of his medical condition and requesting that he be provided with the pupil contact lens prescribed by CFRC. See generally Pl's Grievances at 2, 4, 6, 18. Defendant argues that the grievance addressed to the Secretary of the Department of Corrections is "undated, unclear and vague." Mot. to Dismiss at

-8-

10.  Nevertheless, the Secretary of the Department of Corrections responded to the concerns Plaintiff expressed with regard to his eye.[5]  See Pl's Grievances at 19.  Although, the grievance is undated, a Department of Correction's date stamp on the grievance indicates that the grievance was received by the Department on July 1, 2005.  Id. at 18.  Defendant provides no authority in support of his argument that the jail's procedure requires an inmate to date the grievance or specifically allege in greater detail the issues and persons involved.  As previously stated, the Secretary of the Department of Corrections provided a response to Plaintiff's grievance addressing the precise issue raised by Plaintiff in the grievance- Plaintiff's medical concern involving his eye.  See id. at 19.  Thus, the grievance appears to have been sufficient to adequately apprise the Secretary of the Department of Corrections of Plaintiff's concerns.  See Goebert v. Lee County, 510 F.3d 1312, 1325 (11th Cir. 2007).  Consequently, the Court finds, based upon a review of the Complaint and the twenty-nine grievances attached thereto, that Plaintiff has adequately exhausted his available administrative remedies to withstand a motion to dismiss.

---

[5]Specifically, the response from the Office of the Secretary of the Department of Corrections states that CFRC prescribed eye solutions to Plaintiff on April 12, 2004, and eye ointment on April 20, 2004, for three months.  See Pl's Grievances at 19.  Plaintiff was transferred to DeSoto Correctional on May 12, 2004, and no one in medical issued Plaintiff any eye drops or ointment. Id.

IV.

Next, Defendant seeks dismissal of the action, arguing that the Complaint fails to state a claim for deliberate indifference and instead presents only a difference of medical opinion between Plaintiff and Dr. Salopek.  Motion to Dismiss at 4-5.  The Court disagrees.  Plaintiff has not simply alleged that he disagrees or is dissatisfied with the care provided by Dr. Salopek.  Construed in the light most favorable to Plaintiff, the Complaint alleges that Plaintiff underwent a procedure to remedy the condition of his eye, that, at the time of his transfer, the procedure was only partially complete, and, that with deliberate indifference to Plaintiff's condition, Dr. Salopek refused to complete the procedure.  See generally Complaint.  Plaintiff alleges that his condition deteriorated because of Dr. Salopek's intentional refusal to complete the prescribed medical care, "all for the sole purpose of saving money, as evident [sic] of [sic] his own words."  Response at 5-6.  While Defendant may, upon factual development, establish that he was not deliberately indifferent to Plaintiff's condition, based on the facts alleged, the Court cannot say that the Complaint fails to state a claim for which relief can be granted.  See McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)(noting that deliberate indifference may be established by a

-10-

decision to take an easier but less efficacious course of treatment).

Alternatively, Defendant argues that he is entitled to qualified immunity. Motion to Dismiss at 8. Defendant argues that the Court should consider him, a doctor who works for Wexford Health Corporation ("Wexford Health") that contracts with the state to provide healthcare to inmates at DeSoto Correctional, as a "governmental official." Id. In support of this position, Defendant cites a Florida Supreme Court case. Id.

"The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730 (2002)); see also Al-Amin v. Smith, 511 F.3d 1317, 1323-24(11th Cir. 2008). Thus, governmental officials must first prove they were acting within their discretionary authority in order to receive qualified immunity. Id. at 1234 (citing Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002)). "To establish that the challenged actions were within the scope of his discretionary authority, a defendant must show that those actions were (1) undertaken pursuant to the performance of his duties, and (2)

-11-

within the scope of his authority." <u>Harbert Intern., Inc. v. James</u>, 157 F.3d 1271, 1282 (11th Cir. 1998)(citing <u>Lenz v. Winburn</u>, 51 F.3d 1540, 1545 (11th Cir. 1995)).

"Once the governmental officials have established that they were acting within their discretionary authority, the burden shifts to the plaintiffs to show that qualified immunity is not appropriate." <u>Id.</u> "The Supreme Court has established a two-part test to determine the applicability of qualified immunity." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1358 (11th Cir. 2003).

> "The threshold inquiry a court must undertake in a qualified immunity analysis is whether [the] plaintiff's allegations, if true, establish a constitutional violation." <u>Hope</u>, 122 S.Ct. at 2513. "If under the plaintiff's allegations, the defendants would have violated a constitutional right, "the next, sequential step is to ask whether the right was clearly established." <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

<u>Cottone</u>, 326 F.3d at 1358.

Here, without determining whether a doctor who works for a private healthcare corporation is a "governmental official," the Court finds that Defendant has not met his burden of establishing that he was acting within his discretionary authority. <u>See Harbert Intern.</u>, 157 F.3d at 1282. As such, the Court will allow the case to proceed to allow for further development of the record. Nevertheless, even if the Court were to determine that Dr. Salopek is a governmental official who was acting within his discretionary authority, taking the facts in the Complaint in the light most

favorable to the Plaintiff, the Complaint states an Eighth Amendment claim for deliberate indifference to his serious medical condition.   See Goebert, 510 F.3d at 1330-31 (noting the well-established right of prisoners to timely treatment for serious medical conditions); see also Carswell v. Bay County, 854 F.2d 454, 457 (11th Cir. 1988).   Thus, at this stage of the proceeding, Defendant has failed to establish that he is entitled to the benefit of qualified immunity.

Lastly, Defendant argues he is entitled to Eleventh Amendment immunity. Mot. to Dismiss at 7. Specifically, Dr. Salopek argues that to the extent Plaintiff sues him in his official capacity, then the action is essentially against Wexford Health.   Id. Because Wexford Health contracts with the State of Florida, Dr. Salopek argues that he is an agent of the state and entitled to Eleventh Amendment immunity.   Id.

The Eleventh Amendment grants States immunity from suits brought by private citizens in federal court.   U.S. Const. amend XI; Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (finding that Georgia sheriff, in his official capacity, was an arm of the state and entitled to Eleventh Amendment immunity).   "The immunity does not extend to counties or other units of government." Rosario v. Amer. Corrective Counseling Serv., Inc., 506 F.3d 1039, 1043 (11th Cir. 2007).   However, "'[t]he Eleventh Amendment protects a

-13-

State from being sued in federal court without the State's consent,'" and also bars suits against a defendant acting as an "'arm of the State.'" <u>Powell v. Barrett</u>, 496 F.3d 1288, 1304 (11th Cir. 2007)(quoting <u>Manders</u>, 338 F.3d at 1308). The Court examines four factors to determine whether a defendant acts as an "arm of the State": "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." <u>Powell</u>, 496 F.3d. at 1304 (quoting <u>Manders</u>, 338 F.3d at 1309)(internal quotations omitted).

At this stage of the proceedings, the Court cannot determine whether Dr. Salopek, an employee of Wexford Health is entitled to Eleventh Amendment immunity. Defendant provides no support for his argument that he was acting as an arm of the state and entirely fails to address the factors enumerated in <u>Manders</u>. <u>See</u> Mot. to Dismiss at 7. As such, the Court will deny the Defendant's Motion to Dismiss and allow for further development of the record.[6]

Any of Defendant's arguments not addressed herein are deemed without merit.

---

[6]Defendant's Qualified immunity and Eleventh Amendment immunity arguments are denied without prejudice and may be raised at the summary judgment stage of the proceedings.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Salopek's Motion to Dismiss (Doc. #25) is **DENIED**.

2. Defendant Salopek shall file an Answer within twenty (20) days from the date on this Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this 19th day of March, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record